T.C. Summary Opinion 2017-65

UNITED STATES TAX COURT

STEPHEN B. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12496-15S.                          Filed August 17, 2017.

Stephen B. Howard, pro se.

<u>David B. Mora</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code of 1986 in effect when

the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 10, 2015 (notice), respondent determined deficiencies in petitioner's Federal income tax, an addition to tax, and accuracy-related penalties as follows:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|--------------------------------|---------------------|
| 2011 | $8,559 | --- | $1,711.80 |
| 2012 | 3,447 | $361.95 | --- |
| 2013 | 10,392 | --- | 2,078.40 |

After concessions, the issues for decision are whether petitioner is: (1) entitled to deductions claimed on Schedules A, Itemized Deductions, for the years in issue; (2) entitled to travel and car and truck expense deductions claimed on Schedules C, Profit or Loss From Business, for 2011 and 2013; and (3) liable for section 6662(a) accuracy-related penalties for 2011 and 2013.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Texas.

---

[1](...continued)
Code (Code) of 1986, as amended, in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

I. <u>Petitioner's Background and Employment History</u>

Petitioner holds a bachelor's degree in finance and a master's degree in international business; he has taken courses in accounting and in Federal income tax.

During the years in issue petitioner lived in Houston, Texas. He was employed as a financial consultant for Charles River Associates, International, Inc. (CRA). He also provided financial consulting services through a sole proprietorship (Schedule C business).

Petitioner's employment with CRA began in April or May 2011. CRA maintained offices in Dallas, College Station, and Houston, Texas, during the years in issue. The Houston office opened in November 2011. CRA provided petitioner with an office in Houston, but he frequently worked from home.

As a CRA employee, petitioner was required to travel to meet with CRA's clients, and he did so from time to time during the years in issue. CRA client meetings were often conducted in Dallas. Petitioner either traveled by air or used his privately/personally owned automobiles, a Ford Taurus and a Range Rover, for CRA-related travel.

CRA's travel reimbursement policy provided reimbursement to CRA employees for reasonable work-related expenses they incurred while traveling on

its behalf, including expenses paid or incurred for air travel, personal vehicles, rental cars, hotels, and meals, among other things. In accordance with CRA's travel reimbursement policy, petitioner was entitled to reimbursement for employment-related travel expenses upon the approval of the authorized "approver for each project", the verification of receipts by the accounting department, and the submission of expense reports, which petitioner submitted as required.

CRA also maintained a "Delegation of Authority/Purchasing Power" policy (purchasing power policy). CRA's purchasing power policy defines "direct" expenses as those "related to billable client engagements" and defines "indirect" expenses as "non-billable costs that are typically associated with internal support departments, corporate functions, or practice areas". Most notably, the policy sets forth "approval thresholds" for direct and indirect expenses, as follows:

| Approver | Direct expenses | Indirect expenses |
|---|---|---|
| Project manager | 0-$25,000 | 0-$10,000 |
| Officer in charge | 25,001-50,000 | 10,001-25,000 |
| Practice head | 50,001-100,000 | 25,001-50,000 |
| CEO, COO, or CFO | > 100,000 | > 50,000 |

As noted, during 2011 and 2013 petitioner also provided financial consulting services through his Schedule C business conducted from his residence. He provided a range of services including "consulting, litigation support, forensic

accounting, operational support, internal controls, risk management, risk assessment, [and] things of that nature". Through his Schedule C business, in 2011 and 2013 petitioner provided services to three clients in Dallas, Texas, one client in Deer Park, Texas, one client in Pasadena, Texas, and one client in Oklahoma. Petitioner used his privately/personally owned automobiles in connection with travel for his Schedule C business.

## II. Records

Petitioner retained receipts for some of his travel-related expenses, but he did not organize the receipts so as to easily determine whether a receipt related to his employment with CRA or his Schedule C business.

Petitioner also maintained separate mileage logs for his Ford Taurus and his Range Rover for 2011 and a mileage log for the Range Rover for 2012. According to the 2011 mileage logs, petitioner drove 39,635 miles during that year. According to the 2012 mileage log, petitioner drove 13,871 miles that year. The entries on the mileage logs show dates, a brief description such as "travel to/from airport" or "travel to Dallas", a beginning and ending odometer reading, and miles driven. As with the receipts mentioned above, the mileage logs do not identify whether petitioner was traveling on behalf of his employment with CRA, for his consulting business, or for personal purposes.

III.  Petitioner's Tax Returns

Petitioner prepared his 2011 and 2012 Federal income tax returns.  His 2013 return was prepared by a certified public accountant (C.P.A.).  Each return includes a Schedule A.  Only petitioner's 2011 and 2013 returns include Schedule Cs.

A.  Petitioner's 2011 Tax Return

Petitioner claimed various deductions on the Schedule A attached to his 2011 return, including, as relevant, miscellaneous expenses of $9,235 (before the application of the 2% limitation prescribed in section 67(a)).  The miscellaneous expenses included unreimbursed employee expenses of $9,065, tax return preparation fees of $99, and "depreciation and amortization deductions" of $71.

Petitioner reported vehicle expenses of $5,306, parking fees and tolls of $247, travel expenses while away from home of $1,745, other business expenses of $994, and meals and entertainment expenses of $773 on a Form 2106-EZ, Unreimbursed Employee Business Expenses, included with his 2011 return.

The Schedule C included with petitioner's 2011 return shows gross receipts of $24,750 and expenses of $34,118, resulting in a $13,230 loss, which is taken into account in the computation of the adjusted gross income reported on that

return. As relevant, the deductions claimed include car and truck expenses of $22,558 and travel expenses of $2,733.

B. Petitioner's 2012 Tax Return

Petitioner claimed various deductions on the Schedule A attached to his 2012 return, including, as relevant, miscellaneous expenses of $15,258 (before the application of the 2% limitation prescribed in section 67(a)). The miscellaneous expenses included unreimbursed employee expenses of $15,243 and tax return preparation fees of $15.

Petitioner reported vehicle expenses of $7,698, parking fees and tolls of $783, travel expenses while away from home of $3,732, other business expenses of $2,213, and meals and entertainment expenses of $623 on a Form 2106-EZ included with his 2012 return.

C. Petitioner's 2013 Tax Return

Petitioner claimed various deductions on the Schedule A attached to his 2013 return, including, as relevant, miscellaneous expenses of $24,764 (before the application of the 2% limitation prescribed in section 67(a)). The miscellaneous expenses included unreimbursed employee expenses of $17,185, tax return preparation fees of $79, and "attorney and accounting fees" of $7,500.

Petitioner reported vehicle expenses of $13,604, parking fees and tolls of $235, travel expenses while away from home of $2,346, other business expenses of $676, and meals and entertainment expenses of $324, on a Form 2106-EZ included with his 2013 return.

The Schedule C included with petitioner's 2013 return shows gross receipts of $17,116 and expenses of $17,327, resulting in a $211 loss, which is taken into account in the computation of the adjusted gross income reported on that return. As relevant, the deductions claimed on the Schedule C include car and truck expenses of $7,902 and travel expenses of $5,482.

IV. Notice of Deficiency

In the notice and as relevant respondent: (1) determined that petitioner had failed to include interest of $50 in income for 2011; (2) disallowed, for lack of substantiation, the deductions claimed for miscellaneous expenses on petitioner's Schedules A for the years in issue; (3) disallowed, for lack of substantiation, the deductions claimed for car and truck and travel expenses on petitioner's Schedules C for 2011 and 2013; (4) determined that petitioner had failed to include cancellation of indebtedness income of $4,916 in income for 2013; (5) determined that petitioner was liable for an accuracy-related penalty under section 6662(a) on various grounds for 2011 and 2013; and (6) determined that petitioner was liable

for an addition to tax under section 6651(a)(1) for 2012.[2]  Other adjustments made in the notice are computational or have been resolved by the parties and will not be discussed.

### Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[3]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

---

[2]Petitioner concedes that he received and failed to report:  (1) interest income of $50 from Metlife Home Loans for 2011 and (2) cancellation of indebtedness income of $4,916 for 2013.  Petitioner also concedes the sec. 6651(a)(1) addition to tax for 2012.

[3]Petitioner does not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses to the extent the expenses are not subject to reimbursement. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Podems v. Commissioner, 24 T.C. 21, 22-23 (1955).

On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation. See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient

evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

With these fundamental principles of Federal income taxation in mind, we consider petitioner's claims to the various deductions here in dispute.

I. Schedule A Deductions

A. Unreimbursed Employee Business Expenses

Petitioner claimed deductions of $9,065, $15,243, and $17,185 for unreimbursed employee business expenses on the Schedules A for 2011, 2012, and 2013, respectively. Petitioner's unreimbursed employee business expenses relate primarily to vehicle expenses[4] but also include parking fees and tolls, travel expenses while away from home, other business expenses, and meals and entertainment.

According to petitioner, these expenses are deductible because they were incurred on behalf of CRA and CRA did not reimburse him. According to respondent, petitioner is not entitled to deductions for unreimbursed employee business expenses because petitioner failed to seek reimbursement despite his right to do so under CRA's reimbursement policy.

Petitioner claims that CRA's purchasing power policy provides further limitations on CRA's general reimbursement policy and insists that he was not entitled to reimbursement for indirect expenses. He further argues that the

---

[4]Petitioner computed the deductions he claimed for vehicle expenses by applying the applicable standard mileage rate to the business miles he claims to have driven on behalf of CRA.

unreimbursed employee business expenses on the Schedules A relate to indirect expenses incurred on behalf of CRA. Respondent disagrees, and so do we.

After careful review of CRA's reimbursement and purchasing power policies we find that the policies cover reimbursement for air travel, personal vehicles, rental cars, hotels, and meals, among other things. Because substantially all of petitioner's unreimbursed employee business expenses appear to be covered by the reimbursement policy, petitioner must show that he sought, but was denied, reimbursement from CRA. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. In this regard, we have reviewed the travel reimbursement expense reports petitioner submitted to CRA. In accordance with CRA's reimbursement policy, those reports show that the company reimbursed petitioner for the expenses included on the expense reports. If, as petitioner claims, CRA did not reimburse him for some of his CRA-related travel, CRA's records strongly suggest that petitioner failed to seek reimbursement for those expenses. Accordingly, petitioner is not entitled to deductions for unreimbursed employee business expenses on his Schedules A for the years in issue.

B.  Tax Return Preparation Fees, Depreciation and Amortization, and Attorney and Accounting Fees

Petitioner claimed deductions of $99, $15, and $79 for tax return preparation fees on the Schedules A for 2011, 2012, and 2013, respectively. Petitioner also claimed a $71 deduction for "depreciation and amortization" on his Schedule A for 2011 as well as a $7,500 deduction for "attorney and accounting fees" on his Schedule A for 2013. Petitioner neither explained nor offered any other evidence to substantiate the amounts claimed. Accordingly, respondent's disallowances of petitioner's claimed deductions for tax return preparation fees, depreciation and amortization expenses, and attorney and accounting fees is sustained.

II. Schedule C Deductions

A. Car and Truck

Petitioner claimed deductions of $22,558 and $7,902 for car and truck expenses on the Schedules C for 2011 and 2013, respectively. According to petitioner, the car and truck expenses correspond to miles he drove on behalf of his Schedule C business. In support of the claimed deductions, petitioner relied upon the mileage logs. As noted, the mileage logs do not identify whether he was traveling for CRA, his Schedule C business, or personal reasons. According to

respondent, petitioner is not entitled to the claimed deductions for car and truck expenses because he failed to substantiate the business miles driven.

We have reviewed the evidence and compared the mileage logs with the various receipts and expense reports in the record. Because of various inconsistencies between the mileage logs and other evidence in the record, we find the mileage logs to be unreliable.[5] Petitioner did not produce a mileage log for 2013 detailing the specific trips, the distances, or the purpose for each trip. See sec. 274(d). Because petitioner has failed properly to substantiate the deductions for car and truck expenses as required by section 274(d), respondent's disallowances of those deductions are sustained.

B. Travel

Petitioner claimed deductions of $2,733 and $5,482 for travel expenses on the Schedules C for 2011 and 2013, respectively. According to petitioner, the travel expenses relate to airfare, rental cars, lodging, airport parking, and meals and entertainment. Respondent contends petitioner is not entitled to the claimed deductions for travel expenses because he failed to substantiate the expenses.

---

[5]For example, petitioner's 2011 mileage log for his Ford Taurus shows that on March 7, 2011, petitioner drove 122 miles to "Bisso Marine" and that on March 8, 2011, he drove 842 miles to Dallas. Receipts petitioner provided, however, show that he traveled by air from Houston to Dallas on March 7, 2011, rented a car and a hotel room, and returned by air to Houston on March 8, 2011.

With respect to 2011, and in support of his claimed deduction, petitioner submitted receipts substantiating travel expenses of $2,352.04 for airfare, rental cars, lodging, and airport parking. He is entitled to deductions for those items. He did not provide any substantiation for meals and entertainment and has therefore failed to substantiate the travel expense deduction as it relates to the meals and entertainment expenses. Respondent's disallowances of those deductions are sustained.

Petitioner failed to submit any written substantiation for the travel expense deductions claimed for 2013. That being so, he is not entitled to a travel expense deduction for that year, and respondent's disallowance of that deduction is sustained.

III. Section 6662(a) Accuracy-Related Penalties

Lastly, we consider whether petitioner is liable for section 6662(a) accuracy-related penalties for 2011 and 2013. As relevant here, section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence or disregard of rules or regulations.[6] Sec. 6662(a) and (b)(1). "Negligence" includes any failure to make a reasonable attempt to comply

---

[6]In this case the deficiency, underpayment of tax, and understatement of tax are all computed in the same manner. See secs. 6211, 6662(d)(2), 6664(a).

with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Failure to include income shown on an information return is evidence of negligence. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with regard to negligence. See sec. 7491(c). Respondent established that petitioner: (1) incorrectly claimed deductions for unreimbursed employee business expenses for which he was entitled to reimbursement; (2) failed to maintain adequate substantiating records for expenses underlying the deductions claimed on his 2011 and 2013 returns, including expenses that are subject to the strict substantiation requirements of section 274; and (3) failed to report interest income and cancellation of indebtedness income.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The determination whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner bears the burden of proving that he had reasonable cause and acted in

good faith with respect to the underpayments for both years. See Higbee v.

Commissioner, 116 T.C. 438, 449 (2001).

Reliance on professional advice will absolve the taxpayer if "such reliance

was reasonable and the taxpayer acted in good faith." Sec. 1.6664-4(b)(1), Income

Tax Regs. Under certain circumstances, a taxpayer's reliance upon professional

advice may establish the taxpayer's "reasonable cause" and "good faith" with

respect to an underpayment of tax if the taxpayer establishes that: (1) the

professional was provided with complete and accurate information; (2) an

incorrect return was a result of the preparer's mistakes; and (3) the taxpayer

demonstrates good-faith reliance on a competent professional. See Estate of

Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published

opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see

also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd,

299 F.3d 221 (3d Cir. 2002).

Petitioner has not shown reasonable cause for his failure to maintain

adequate business records. Moreover, many of the deductions here in dispute have

been disallowed because petitioner was entitled to reimbursement from CRA for

those expenses. Petitioner also failed to explain his failure to include interest

income and cancellation of indebtedness income on his 2011 and 2013 returns, respectively.

Although petitioner relied on a C.P.A. to prepare his 2013 return, there is no evidence in the record that he provided the C.P.A. with complete and accurate information. Because petitioner did not establish that he provided complete and accurate information to the C.P.A., he failed to establish that his reliance upon the C.P.A. constitutes "reasonable cause" and "good faith" with respect to an underpayment of tax. Accordingly, respondent's imposition of section 6662(a) accuracy-related penalties for 2011 and 2013 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.